817 F.2d 105
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Daniel B. TAYLOR, Plaintiff-Appellant,
v.
Inmate LAMBERT, Inmate Chatman, Wayne Plunk, Larry Mitchell,
Sam Hinson, Carles Wisner, Lt. Hesson, Donal Campbell, Mike
Slaughter, Commissioner of State Prison, and State of
Tennessee, Defendants-Appellees.
 No. 86-5816.
 United States Court of Appeals, Sixth Circuit.
 May 5, 1987.
 
 1
 Before KRUPANSKY and GUY, Circuit Judges, and GILMORE, District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel agrees unanimously that oral argument is not needed. Rule 9(b), Rules of the Sixth Circuit.
 
 
 3
 This pro se prisoner appeals the dismissal of his civil rights complaint pursuant to 28 U.S.C. Sec. 1915(d). Plaintiff brought this action against several inmates, prison officials and the State of Tennessee under the civil rights statutes, 42 U.S.C. Sec. 1983, Sec. 1985(3), Sec. 1997, Sec. 2000(e) (Title VII) and 29 U.S.C. Sec. 206(d) (The Equal Pay Act). Plaintiff amended his complaint to add four plaintiff parties and the prison disciplinary board members and an additional officer, as defendants. Plaintiff asserted that the defendants violated his rights under the First, Fifth, Eighth and Fourteenth Amendments by a racially-motivated conspiracy that deprived plaintiff of his job in the prison clothing plant. The complaint was referred to a magistrate who recommended dismissing on the merits all claims with one exception. He recommended dismissing without prejudice plaintiff's claims of racial discrimination filed under 42 U.S.C. Sec. 1983 in order that plaintiff may pursue this claim in two pending district court prisoner class-actions.
 
 
 4
 Upon consideration, we agree that plaintiff's claim based on pay discrimination in his prison employment is not cognizable under 29 U.S.C. Sec. 206(d) and 42 U.S.C. Sec. 2000e. Likewise, plaintiff's claims concerning religious discrimination, denial of procedural due process, and a conspiracy by the prison officials are without merit. In addition, there is no support in the record to establish the necessary standing for the additional four plaintiff parties. We affirm for the reasons set forth by the district court in the order on appeal.
 
 
 5
 We do not reach the merits of plaintiff's claim of racial discrimination in his prison employment. Because the district court dismissed this claim without prejudice, plaintiff may file this Sec. 1983 claim with the district court that is assigned to plaintiff's pending class-actions, Jimmy Lee Tuggle v. Cook (No. 3:83-1009) and Jimmy Lee Tuggle v. Pellegrin (No. 3:84-0268). The district court did not abuse its discretion in ordering dismissal of this claim without prejudice. Johnson v. McKaskle, 727 F.2d 498, 501 (5th Cir.1984); Goff v. Menke, 672 F.2d 702, 704 (8th Cir.1982).
 
 
 6
 Accordingly, we affirm the district court's judgment pursuant to Rule 9(b), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Horace W. Gilmore, U.S. District Judge for the Eastern District of Michigan, sitting by designation